```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SONNY THOMAS                      :      CIVIL ACTION
                                  :
        v.                        :
                                  :
JOHN IATAROLA, et al.             :      No. 05-03850-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    February 6, 2007

      Plaintiff, Sonny Thomas, after ingesting some drugs, became involved in a violent dispute with his supplier. Mr. Thomas became armed with a samurai sword and, after a violent struggle, killed his opponent. Neighbors, disturbed by the noise, had called the police. When the police arrived, the body of the deceased was lying on the floor, with the samurai sword sticking into its back. Plaintiff was standing over the body. Shortly before the police arrived, plaintiff had apparently poured some flammable liquid over the body and had attempted to set fire to it.

      Plaintiff was arrested, has been found guilty of first-degree murder, and has been sentenced to life imprisonment. An appeal from that conviction is pending.

      Plaintiff filed the present lawsuit against the 12 police officers who were involved in the arrest, asserting violations of his constitutional rights, specifically, that the police used excessive force in achieving the arrest and removing

him from the premises.  Two of the defendants were dismissed before trial.  After a two-day trial, the jury found in favor of the plaintiff and against five of the defendant police officers, but awarded total damages in the sum of $1.00 only.  Notwithstanding this outcome, the defendants have filed post-trial motions, and now seek either judgments of acquittal or a new trial.

The issues before the jury were straightforward: did one or more of the police officers use excessive force in subduing the plaintiff and accomplishing his arrest, and was the force used against the plaintiff exerted in order to achieve his arrest, or for some inappropriate purpose?  Plaintiff testified that he did not offer any resistance to the police officers, was cooperative at all times, but nevertheless was severely beaten and kicked.  The defendant police officers all testified that the plaintiff was resisting arrest, and that only reasonably necessary force was used against him.  There were inconsistencies and improbabilities in the testimony on both sides.  A seemingly neutral eyewitness (a neighbor) gave testimony which could reasonably be interpreted as lending at least partial support to some of plaintiff's claims.  Many of the defendants seemed to be testifying, not on the basis of their recollection of events, but on the basis of what was set forth in the official reports they had turned in at the time of the incident.  And the five

defendants who were found liable had agreed that they either struck the plaintiff with their flashlights or batons, or that they kicked him.

Thus, while the outcome of the trial was not readily foreseeable, I cannot say that the jury's resolution of the factual disputes lacked adequate evidentiary support.  It would be inconsistent with the fundamental right of trial by jury for this court now to set aside the jury's verdict.

Other than the alleged insufficiency of the evidence, defendants do not point to any errors in the course of the trial, and none have been preserved for post-trial consideration in any event.  There is no basis for granting a new trial.

An Order follows.

```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SONNY THOMAS                      :        CIVIL ACTION
                                  :
         v.                       :
                                  :
JOHN IATAROLA, et al.             :        No. 05-03850-JF
```

ORDER

AND NOW, this 6th day of February 2007, upon consideration of defendants' "Omnibus Post-Trial Motion," IT IS ORDERED:

1. The motion is DENIED in all respects (i.e., defendants' motion for judgment as a matter of law is DENIED, and defendants' motion for a new trial is also DENIED.

2. JUDGMENT is ENTERED in favor of the plaintiff, Sonny Thomas, and against the defendants Luis Csasar, David Strawn, William Kissner, Matthew Crenko, and Matthew Lazur, in the total sum of $1.00.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.